ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta
MAY 14 2024
KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KELVIN E. JONES A/K/A<br>KELVIN E. GUZMAN JONES | Criminal Indictment<br><br>No.  1:24CR0171 |

THE GRAND JURY CHARGES THAT:

**Counts One through Four**
**Wire Fraud**
**(18 U.S.C. § 1343)**

1. Beginning in or about June 2022 and continuing until in or about September 2022, in the Northern District of Georgia and elsewhere, the defendant, KELVIN E. JONES a/k/a KELVIN E. GUZMAN JONES, did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by omissions of material fact, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and in so doing, with the intent to defraud, caused interstate wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

*Background*

2. Company-1 was a film production company that is headquartered in Culver City, California.

3. Company-1 maintained a bank account with Bank of America that it used to pay its vendors.

4. On or about April 25, 2022, Company-1 hired defendant JONES on a contract basis to be an Assistant Production Accountant for a film production at a pay rate of $1,800 per week. Defendant JONES worked remotely from his residence in the Northern District of Georgia.

5. Defendant JONES held three bank accounts with Navy Federal Credit Union, with account numbers ending in 9239 (the "NFCU 9239 Account"), 1036 (the "NFCU 1036 Account"), and 5464. Defendant JONES designated his NFCU account with an account number ending in 5464 to receive his Company-1 wages.

*Scheme to Defraud*

6. To fraudulently obtain funds from Company-1, defendant JONES accessed Company-1's vendor account information records and changed the designated bank account information for certain vendors to the NFCU 9239 Account, thereby causing payments intended for vendors to be sent to him. After fraudulently receiving payments intended for vendors, defendant JONES accessed Company-1's vendor account information

2

records and changed the designated bank account information back to the true bank account information for the vendor.

7. On or about June 29, 2022, using his Company-1 login credentials, defendant JONES accessed Company-1's vendor account records to change the designated bank account information for Vendor-1 to the NFCU 9239 Account.

8. On or about June 30, 2022, unaware that Vendor-1's bank account information had been changed, Company-1 issued an electronic payment to Vendor-1 in the amount of $22,859.80. That payment, instead of going to Vendor-1 as intended, was directed to the NFCU 9239 Account because defendant JONES had fraudulently modified the vendor account records.

9. On or about July 6, 2022, using his Company-1 login credentials, defendant JONES accessed Company-1's vendor account records to change the designated bank account information for Vendor-2 to the NFCU 9239 Account.

10. On or about July 7, 2022, unaware that Vendor-2's bank account information had been changed, Company-1 issued an electronic payment to Vendor-2 in the amount of $48,556.60. That payment, instead of going to Vendor-2 as intended, was directed to the NFCU 9239 Account because defendant JONES had fraudulently modified the vendor account records.

11. On or about July 8, 2022, using his Company-1 login credentials, defendant JONES accessed Company-1's vendor account records to change Vendor-2's designated bank account information from the NFCU 9239 Account to Vendor-2's true designated bank account.

12. On or about July 20, 2022, using his Company-1 login credentials, defendant JONES accessed Company-1's vendor account records to change the designated bank account information for Vendor-3 to the NFCU 9239 Account.

13. On or about July 20, 2022, unaware that Vendor-3's bank account information had been changed, Company-1 issued an electronic payment to Vendor-3 in the amount of $36,920. That payment, instead of going to Vendor-3 as intended, was directed to the NFCU 9239 Account because defendant JONES had fraudulently modified the vendor account records.

14. On or about July 21, 2022, using his Company-1 login credentials, defendant JONES accessed Company-1's vendor account records to change Vendor-1's designated bank account information from the NFCU 9239 Account to Vendor-1's true designated bank account.

15. On or about July 29, 2022, unaware that Vendor-3's bank account information had been modified, Company-1 issued an electronic payment to Vendor-3 in the amount of $45,467.90. That payment, instead of going to

Vendor-3 as intended, was directed to the NFCU 9239 Account because defendant JONES had fraudulently modified the vendor account records.

16. On or about August 2, 2022, using his Company-1 login credentials, defendant JONES accessed Company-1's vendor account records to change Vendor-3's designated bank account information from the NFCU 9239 Account to Vendor-3's true designated bank account.

17. On or about September 8, 2022, using his Company-1 login credentials, defendant JONES accessed Company-1's vendor account records to change the designated bank account information for Vendor-2 to the NFCU 9239 Account.

18. On or about September 8, 2022, unaware that Vendor-2's bank account information had been changed, Company-1 issued an electronic payment to Vendor-2 in the amount of $41,636.91. That payment, instead of going to Vendor-2 as intended, was directed to the NFCU 9239 Account because defendant JONES had fraudulently modified the vendor account records.

19. On or about September 9, 2022, using his Company-1 login credentials, defendant JONES accessed Company-1's vendor account records to change Vendor-2's designated bank account information from the NFCU 9239 Account to Vendor-2's true designated bank account.

*Execution of the Scheme*

20. On or about dates listed below, in the Northern District of Georgia and elsewhere, the defendant, KELVIN E. JONES a/k/a KELVIN E. GUZMAN JONES, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, with intent to defraud, did cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, that is, the wire communications described below:

| Count | Date | Wire Communication |
|---|---|---|
| 1 | 06/29/2022 | Electronically accessing Company-1's vendor account records to change Vendor-1's designated bank information to the NFCU 9239 Account |
| 2 | 07/06/2022 | Electronically accessing Company-1's vendor account records to change Vendor-2's designated bank information to the NFCU 9239 Account |
| 3 | 07/20/2022 | Electronically accessing Company-1's vendor account records to change Vendor-3's designated bank account information to the NFCU 9239 Account |
| 4 | 09/08/2022 | Electronically accessing Company-1's vendor account records to change Vendor 2's designated bank account information to the NFCU 9239 Account |

6

All in violation of Title 18, United States Code, Section 1343.

## Counts Five through Seven
## Money Laundering
## (18 U.S.C. § 1957)

21. The Grand Jury re-alleges and incorporates by reference the factual allegations laid out in paragraphs 2 through 19 of this Indictment as if fully set forth here.

22. On or about the dates set forth below, in the Northern District of Georgia, the defendant, KELVIN E. JONES a/k/a KELVIN E. GUZMAN JONES, did knowingly engage and attempt to engage in the following monetary transactions by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, the deposit, withdrawal, transfer, and exchange of U.S. currency, funds, and monetary instruments in the amounts set forth below, such property having been derived from specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343:

| Count | Date | Transaction | Amount |
| --- | --- | --- | --- |
| 5 | 07/08/2022 | Transfer of funds from NFCU 9239 Account to NFCU 1036 Account | $25,000 |
| 6 | 07/22/2022 | Transfer of funds from NFCU 9239 Account to NFCU 1036 Account | $20,000 |

| 7 | 09/12/2022 | Transfer of funds from NFCU 9239 Account to NFCU 1036 Account | $22,000 |

All in violation of Title 18, United States Code, Section 1957.

### Forfeiture

23. Upon conviction of one or more of the offenses alleged in Counts One through Four of this Indictment, the defendant, KELVIN E. JONES a/k/a KELVIN E. GUZMAN JONES, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 18, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including, but not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Four of this Indictment.

24. Upon conviction of one or more of the offenses alleged in Counts Five through Seven of this Indictment, the defendant, KELVIN E. JONES a/k/a KELVIN E. GUZMAN JONES, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real or personal, involved in such offenses, or any property traceable to such property, including, but not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts Five through Seven of this Indictment.

25. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any

other property of said defendant up to the value of the forfeitable property.

A <u>True</u> BILL

FOREPERSON

RYAN K. BUCHANAN
*United States Attorney*

DIANE C. SCHULMAN
*Special Assistant United States Attorney*
Georgia Bar No. 49776

/s/ Samir Kaushal
SAMIR KAUSHAL
*Assistant United States Attorney*
Georgia Bar No. 935285

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

10