IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. |
| v. | 1:24-CR-171-JPB |
| KELVIN JONES | |

**DEFENDANT'S UNOPPOSED MOTION TO
MODIFY CONDITIONS OF RELEASE**

COMES NOW, the Defendant, KELVIN JONES, by and through undersigned counsel, and respectfully requests that this Court modify the special conditions of release and remove location monitoring pursuant to this Court's order of June 18, 2024. (Doc. 8). In support of this motion, Mr. Jones shows as follows:

**Facts**

On June 18, 2024, Mr. Jones was arrested and appeared before this Honorable Court on a criminal indictment charging him with Wire Fraud, in violation of 18 U.S.C. §1343 and Money Laundering, in violation of 18 U.S.C. §1957. (Docs 4&1). The indictment alleged that between June 2022 and September 2022, Mr. Jones, while employed as an Assistant Production Accountant for a film production company, diverted payments intended for the company's vendors to his personal account, totaling $195,000. Mr. Jones was arrested at his home on the above-styled indictment on June 18, 2024, without incident. At his initial

appearance on June 18, 2024, the government did not seek detention, rather recommended a signature bond with standard and special conditions. Those special conditions included a curfew and location monitoring as directed by the pretrial services officer. The Court adopted these conditions. (Doc. 8). These special conditions were based in part on the pretrial services report which inaccurately reflected that Mr. Jones had a lengthy criminal record. The report was based on another individual's identity. Mr. Jones' prior record consists only of a DUI conviction in 2018 where he was ordered to pay a fine. To date, Mr. Jones has been in total compliance with his conditions of release. Both undersigned counsel and counsel for the government, Diane Schulman do not see the need for electronic monitoring as a special condition of pretrial release in this case considering the nature of the charged conduct and the history and characteristics of Mr. Jones.

### Argument

Mr. Jones is now asking that the Court modify his conditions of release to remove the condition of location monitoring. The Court has the authority to modify the conditions of release at any time. 18 U.S.C. § 3142(c)(3). The charged conduct occurred over two years ago within a three-month window. Mr. Jones has followed his conditions of pretrial release.  As such, Mr. Jones is asking the Court to modify the current conditions of release.

Finally, undersigned counsel has discussed this motion with Assistant United States Attorney Diane Schulman who does not object to the request set forth in this motion.

WHEREFORE, Mr. Jones respectfully requests that this Honorable Court modify the conditions of his release to remove the location monitoring requirement.

Dated:  This 18th day of July 2024.

                    Respectfully Submitted,

                    *s/ Allison Dawson*
                    GEORGIA BAR NO. 171940
                    ATTORNEY FOR MR. JONES

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530; Fax: (404) 688-0768
Allison_Dawson@fd.org